Good morning. Welcome to the Sixth Circuit today. If you're counsel for appellant and you've given your rebuttal times to the deputy, that will suffice. Please call the first case. Susan Zitterman May it please the Court, Susan Zitterman on behalf of the Wayne State University Defendants. We would submit first to the Court that reversal is warranted on the state law claims in which the jury awarded in the court-editor judgment on $450,000 on proofs of no more than $143,000 and some change. As pledged, supported, and argued at trial by plaintiffs' counsel in this matter, the court is now in session. The two claims, the state law claims, for breach of contract and account stated were alternative claims for the same 29 invoices that reflected work done by CDG prior to the alleged due process constitutional violation. The district court rejected that argument, is that correct? Yes, Your Honor. What was the ground for the district court rejecting it? The ground for the district court rejection was the court's reliance on the testimony of Mr. Funke, the plaintiff's accountant, lost profit expert, and the court concluded that his testimony regarding lost profits established a lost profit value for the breach of contract claim, the breach of contract claim being based on . . . Did the district court rely on this 2008 contract claim? The district court did rely on the . . . So is that generally the issue here as to whether that contract claim is actually a 2008 contract claim or whether it's only a claim for one of those lump sum contracts? Is that correct? It is correct in the sense that one or the other, but if it's the second, then damages could not have been awarded under the 2008 contract because the 2008 contract was for . . . It did not guarantee any work be placed under it. Am I making myself clear? I understand that, but if the jury thought that there might have been some work under that contract, then it might have awarded damages under that contract. And I would submit respectfully if the jury so thought that something had been placed under that contract other than the 29 invoices, that was not paid for, there was no evidence to support that. You admit that they should have received compensation for the work that they had done, which was the account. Yes, Your Honor. And you're saying that there wasn't any cause of action under the breach of contract for the future . . . Correct. Non-platter proof. Future work. Okay. And even if . . . Did anybody argue that in closing argument? It was not . . . They got more than that for two different causes of action, right? I mean, they got $200,000 and then . . . They were awarded a total of $450,000 on proofs of . . . The rationale, as I understand it, is that one of them was for not getting these stated amount, 29 claims or whatever you want to call them. Correct. And then the rest was, at least possibly, and we give great deference to what juries do. They're allowed to give partial whatever, you know, they have a lot of discretion, as long as it's within the instructions, right? They presumably, I guess, as the district court understood it, gave some damages for the 2008 contract not being something that awards might have been awarded under. Lost profits. Lost profits for the . . . Based on Mr. Funke's testimony. Is that right? Yes, Your Honor, that was . . . Well, I'm assuming for the purposes of this argument that Mr. Funke could give this testimony. I know you have an argument . . . Perhaps. I know you have an argument about that as well. Perhaps. But for this argument, let's assume that his testimony was admissible. Why is that . . . Assuming it . . . Why does that fail whatever standard we . . . whatever extremely deferential standard we have for jury verdicts? Because Mr. Funke's testimony, if admissible, substantively did not address the 2008 contract. Indeed, he did not address any contract. His lost profit calculations were solely with respect to the damages resulting from the debarment. The profits that could have been made had . . . Why couldn't the jury think, well, what they could have made if they hadn't been debarred, they also could have made if the 2008 contract had not been violated? I would just return back to the 2000 contract could not support a claim for damages because it did not guarantee any work under it. If no work was required by Wayne State to be awarded under it, there could be no contract damages for the failure to award contracts under the BPO. Well, if they terminate the contract, then you don't have the chance to get an award under it. And if the jury thought that they might have using Mr. Funke's testimony, then . . . And it was . . . Then it could say that there was damage from violating the 2000 . . . Chance went to the due process issue. The chance did not go to a breach of contract claim. And if . . . Did you get consequential damages from a contract claim? Well, you can. But the trial court here concluded that the $250,000 contract was justified on Mr. Funke's testimony. Mr. Funke's testimony was not with regard . . . His only testimony was with regard to lost profits. So then, perhaps, may I turn to the second issue, which is whether Mr. Funke's testimony even should have been admitted in this case. Before you move to that, I had a question. I understand that there were interrogatories, so to speak, to the jury that were filled out and checked and damages assessed. Yes. Were there instructions to the jury on both the breach of contract and the account stated claims? Yes. Yes, Your Honor. There were. All right. There were separate instructions, and there was not an instruction that you could only award one, not the other. But I would submit on the proofs and the arguments presented by counsel, it was clear that it could be awarded only on one or the other, that they were for the same 29 lump sum contracts invoices. Alternative theories. Alternative theories. I understand that. But you think there were adequate instructions on both? Yes. Yes. But the question becomes, then, if indeed the jury, if there was evidence of a breach of contract beyond the 29 invoices, and the damages could only have been premised, then, on the testimony of Mr. Funke regarding lost profits of CDG, and the admission of that testimony, I would submit, was, in fact, the error at trial that fundamentally affected the jury's deliberations and award on all of the damages awarded in this case, both the state law claims and Mr. Murray's due process claim. If we agree with you that they were pled alternatively, what is the remedy? The remedy would be, I see it as either entry of judgment on the account stated, because they proved the $143,000. The jury could have awarded that. But the jury awarded $200,000, correct? Correct. But there were no damages to support the $200,000. So it would be entry of judgment in the amount of $143,000 and change on the account stated, which was all that was pled, sought, and proven. No consequential damages were requested. No consequential damages were instructed on, as the account stated. And once the jury returned a verdict on the account stated, that basically merged in and negated the existence of a contract claim, because an account stated. And part of that theory, or the stronger version of that theory, is that both of the contract claims are for the 29? Yes. And don't extend to violation of the 2008, which under their theory, the 29 didn't even come under the 2008. That was the argument. Yes, Your Honor. Can you address the attorney's fee issue as well? I would, certainly. Well, you can address whichever you like. I would just urge the court. Don't forget the attorney's fees. I will not. I would urge the court to consider the admissibility of Mr. Funke's testimony. It affected the damages. He established the lost profits on which the due process claim was based, because that's where his emotional distress came from, and the contract claim. And it should never have been admitted in this case. It was not tied to the facts of this case. His before and after analysis and gross profits were flawed methodology. Finally, with respect to the attorney fee issue, the trial court, we would submit, in holding that CDG and Mr. Murray were jointly entitled to attorney fees in this case. The award of $100,001 on a claim of $3.6 million does not warrant the award of attorney fees in this case, particularly as to CDG. The Supreme Court in this court has clearly held that an award of nominal damages is basically, on that, no attorney fee is reasonable. What's your best case for saying that you could win a constitutional case for nominal damages and the court would deny, automatically, attorney's fees? Not necessarily automatically, but for our versus hobby, I believe the Supreme Court's decision establishes that to justify an award of damages, you have to come up, the plaintiff would have had to prove, that you established something of great value, of great constitutional value, of something that's, you had a great victory that would help others or somehow. You're distinguishing, you're not speaking of a principle in general. You're just distinguishing your case and saying they don't qualify for the other case law that definitely says that you may be awarded, you may be awarded attorney's fees for even nominal damages. Under extraordinary circumstances. And here, all that plaintiffs proved is that we, Wayne State, did not follow our own internal, our own debarment procedures. That is not of constitutional dimension. Our review of district court grant of attorney's fees in this context is for abuse of discretion. Is that right? I believe it's an abuse of discretion, but with respect to the . . . It's pretty unusual for us to overturn an attorney's fee award as an abuse of discretion. Indeed. I would submit, though, that this is a pretty unusual attorney fee award, given the verdict of the jury in this case. I'm not sure what you get if you say, well, the award is okay. It just shouldn't have been given to CDG. It should have, the same award could have been given to Murray. Now, when you look at the basis for Murray's recovery in this case, which was emotional distress damages that could only have, given the jury's finding that there were no lost profits to CDG or to Mr. Murray's business, his emotional distress damages could only be, for which he could recover damages, could only be those related to the debarment procedure, the deficiencies in process, the due process violation. All of the . . . I understand that the state claims don't serve as a predicate for attorney's fees, but isn't much of what is proved under the state claims at least related to the nature of the procedural due process claim, such that the district court didn't abuse its discretion in saying, work that you did on that contributed to what you did on this, and this was sufficiently intertwined. Certainly not. I mean, I may not have decided that, but it's an abuse of discretion in the scope of review. But certainly a great deal of the discovery and the motion practice and everything was related to lost profits, to Mr. Funke, to proving the huge profit damages that they claimed in this case. None of that. The plaintiffs didn't recover on that. That was not related to the damages upon which Mr. Funke, Mr. Murray, excuse me, could recover in this case. And I believe the trial court simply did really no analysis, instead of said, they're related, I'm cutting it by 10% for the attention to entries, and left it at that. Given that this was an award of $700,000 in cost and attorney fees, we would submit that a further analysis should have been done by the trial court. It was not asking for a second jury. It was just asking for more deliberative analysis. Thank you. Good morning. May it please the court, my name is Don Blevins. I'm here today on behalf of Contract Design Group and Robert Murray. I'd like to get back to the attorney's fees issue, but there's one common core to my argument that also relates to the attorney's fees issue, and that is the jury here had several causes of actions that it was considering, but they were all related. They cannot be parsed out as the appellant would have the court require the jury to do. It was a difficult task that they had. The jury, I happen to be the trial lawyer in the case, jury didn't give me everything I wanted, did not give me the verdict, return the verdict that I was looking for. Admittedly, what I wanted the jury to- It's kind of a strange verdict, though, isn't it? Well- In a lot of ways, it doesn't put together very well. You know what it does, Your Honor? I believe it reflects a very difficult task that the jury had to make sure that it avoided double counting. I think that's what the jury was doing here. I think that's what's reflected on the verdict form. It wanted to avoid double counting. I would- You claimed in the contract claim that they should get the $149, right? In the one that you got, $254, your request was for $149. Is that accurate? Your Honor, it's accurate that that's what I asked of the jury. Well, it seems like double counting. I mean, maybe you can come up with an argument. It seems like the district court came up with a kind of argument, but it sure looks like double counting. Here's why I don't think it is, Your Honor, why I think it reflects the jury's efforts not to double count. We had- They could have the effort and fail. Well, but I think the issue is whether they reasonably could have reached their verdict. And I believe that the evidence demonstrates that they could have reasonably reached this verdict. And here's why, if I may. With respect to the 2008 contract, the jury found that that was breached. And as a result of that breach, contract design group- This is your speculation now. Well, this- Because the contract that you were trying to get them to conclude was breached was the 29. Things that didn't come under the 2008 contract. Is that right? Your Honor, you're right. Well, if I understood your question right, the verdict form doesn't articulate- It doesn't. I understand. But as presented to them, that contract was a different contract. Well, Your Honor, we also claimed to the jury- Maybe they looked around and said, well, maybe we can treat this as another contract.  That was a very important part of the trial. Our claim that the 2008 contract was breached when it was wrongfully terminated. We absolutely argued that to the jury and presented evidence in support of that. There were documents- And the amount of damages that you said was appropriate was something under a different contract. That seems like a strange thing for you to- I read the whole transcript, but that seems like a strange thing for you to have argued. Your Honor, if I may, I would like to explain the point that I also was trying to avoid the double counting. The consequence of the breach of the 2008 contract was overlapping with the consequence of the violation of procedural due process. The result of early termination of the 2008 contract was the contract design group lost its opportunity for future profits demonstrated from historical orders under the 2008 contract. But, Your Honor, that was very similar to the consequence of the violation of the due process, of their due process rights. That first issue wasn't a due process issue. It was for the account that they never did pay you for, for work completed, right? And that was a breach of contract, right? That was a breach of the account stated. Right. Yes, Your Honor. Okay. It wasn't for due process at all, was it? No, Your Honor. So we have three things that the jury was considering. First of all, the failure to pay for these 29 orders, that was the account stated. Secondly, the breach of the 2008 contract. Thirdly, the overlapping issues relating to the constitutional violations. I asked the jury to return damages for the constitutional violation. I couldn't at the same time in good conscience say, give me the same damages in return for the breach of the 2008 contract. You couldn't unless you were arguing in the alternative. And I think that's the concern is that when you stand before the jury and say, here is my breach of contract claim. I have $143,000 in damages. Here is my account stated claim. I have $143,000 in damages. Haven't you, in fact, presented an argument for an alternative method of assessing damages? I have suggested to the jury the possibility that they would grant me recovery on one without granting me recovery on the other. Isn't that an alternative? So that is an alternative argument. And yet, so if you argue in presenting the alternative, isn't it error to be awarded the same damages under the two alternative theories? I didn't present it as an alternative theory. And it's not an error for the jury if we can construct a lawful verdict that the jury reasonably could arrive at. They're not bound to follow my instructions. I can't instruct them. They're bound to follow the court's jury. But aren't you bound by your pleadings and the requests that you make? I personally am bound. But the jury is not, Your Honor. The jury is not bound by anything that I say. The jury has a right to construct its own resolution so long as that reasonably is consistent with the evidence in the law. And the jury did that in this case. The jury looked at, they clearly found a constitutional violation but gave $0 in response to that. It is almost impossible that it would have found $0 in response to the constitutional violation. It had to have put that money someplace. If you look at the jury. I don't follow that. I don't follow that at all. Why is it almost impossible? For a dollar. I'm sorry. Because, Your Honor, the jury on one hand said that the result of the breach of the contract was $250,000. On the other hand, the result of the debarment was $0. Reasonably, the jury would have gone down the form and said, well, they breached the 2008 agreement. We've already taken care of the outstanding orders. But then what about the 2008 agreement? They breached that. And what about the damages? That's $250,000. Then go to the next section on constitutional due process. Did they breach that? Yes. But the jury reasonably could have said, but we're not going to give another $250,000. We've already given the $250,000 as a result of not being able to get future orders from Wayne State University. We've already done that, so we're going to give $0. And as a result, they found $450,000 worth of damages. They allocated it, and they avoided double counting. That's just mixing the debarment damages with the contract damages. Because they overlap. They're the same damages. Violating a contract is not the same as being precluded from entering into future contracts. I mean, most people would think of those. I mean, you could say, well, some of the evidence of consequential damages overlapped, but they're conceptually different. Absolutely. If they got confused and double counted, I mean, we have to do something about it, don't we? But only if you know that they were confused. If you cannot construct. Well, if we can't figure out. I understand you're doing a great job of construction, but it's kind of construction without a foundation, it seems like. Isn't your problem that Michigan law would merge those two claims? I'm not sure that that is a problem of mine. Well, if the underlying basis for your claims before the jury is an alternative claim, and Michigan law itself says an account-stated claim supersedes a breach of contract claim, I think that's Fisher. There's case law in Michigan on that, and if you are basing your claim on Michigan state law, and Michigan state law says these are two alternative claims that merge, then how can you get jury verdicts separately for claims that the basis of which the law requires merger? If nothing else is clear, Your Honor, I believe it's clear that our account-stated did not incorporate our claim for breach of the 2008 general agreement. So we had 29 orders out. We believe individually Wayne State owed a contract design group for those orders, but they were combined into a statement of account, and yes, that statement of account constitutes a new contract, merges our individual contract claims for those individual orders into one contract, breach of which results in direct and consequential damages. Absolutely. But we never merged into that grouping the claim based upon breach of the early wrongful termination of the 2008 agreement, and that's where the $250,000 in damages come in. Now, I understand that that's not exactly the same thing as the constitutional claim. Of course it's not. Nor I can conceive of damages resulting from the constitutional debarment that are in addition to the breach of contract of the 2008 agreement, but the overlap is remarkable. Can you address the attorney's fees? Yes, Your Honor. The only other question that I'm concerned about is the jury instructions. In just looking at the jury instructions, it seems to me that the instruction on damages relates to the breach of contract claim only. Is it your position that you submitted damages instructions to the jury for both account stated and breach of contract? Your Honor, you've stumped me. I don't recall. I don't want to misspeak, Your Honor. Thank you. I don't recall those specific. I think that there were independent jury instructions for breach of contract and account statement. On damages also, you think? That's my memory. I just don't know for certain. Was the breach of contract $250,000 based upon what Mr. Funke testified to? Did he say, well, they would have made $250,000, or what was it based upon? Your Honor, again, we're getting back into I'm not sure what the jury had in mind. Mr. Funke absolutely did testify to, and it was just math that he did. He testified to gross receipts over a period of time that were a whole lot greater than $250,000. What he testified to was gross profits, Your Honor, and he went back historically and calculated, did the math. He did the math. Now, he also testified to a reduction in value of the corporate enterprise. And the jury didn't award damages relating to that. Gross profits seems to be not the question. Wouldn't it be net profits if you were talking about damages? And if you were talking about Michigan law? I think that, first of all, one thing we've never touched on here, but we heavily address it. It's sort of a throwaway question. You've got a lot to cover. But it is problematic that that testimony is all about gross profits, isn't it? I think what the trial testimony came in is that gross profits turned – that net profits didn't matter because they canceled each other out because the only additional subtraction in the equation would have been the overhead, the cost of debt service and things like that. And those did not decrease as the – It would have cost you a contract for $1 million, but it would have cost you $700,000 to perform it. Your damages are $1 million? Or your damages are $300,000? No, that's how he – what he calculated gross profits at were the revenues less the direct costs. So if it cost you $700,000 to perform, the gross profits, according to his calculation, would be $300,000. The net profits is something that the Wayne State experts suggested you should consider, which is, well, you've got overhead. You've got the cost of your facility. You've got – Why isn't that in the $700,000? Because it's not direct. Because I can't – if I have a contract, I can't say how much of my – Direct costs versus direct costs? Well, I don't understand the accounting. Maybe you should go ahead to the attorney's fees. Okay. With respect to attorney's fees, it really comes back to what we were saying earlier. These all are the same common core issues that had to be litigated. But there's a difference between a contract claim and a debarment due process claim. I mean, you described some overlap in maybe some of the damages you might get. But what you prove is different, isn't it? There's just no way that we could have supported our constitutional claim without addressing the contract claims, given that the Wayne State's justification for not paying on the contract was the very same justification that it gave for debarring a contract design group and Robert Murray. They were the same issues. We would have had to depose the same witnesses regardless of the causes of action. There was not only a common core, but these were almost the same – throughout the case. The question of the contract design group – I'm not seeing it too much because the due process claim is not the merits of whether he should have been debarred. It's what process he was given. So the due process claim doesn't second-guess the merits. But as we were litigating – Is that true as a legal matter? Well, Your Honor, in order to demonstrate the failure of due process, contract design group had to demonstrate what they were notified of, what Wayne State wasn't telling them about, and these were all issues that were the same issues the contract design group needed to assert and prove to support their breach of contract. When Wayne State's response to contract design group's questioning on the basis for debarment was only to refer contract design group to the letter terminating the contract, saying, well, we said it all before, and to earlier emails and conversations where Wayne State said that it wouldn't pay the individual orders because of alleged fraudulent behavior, alleged violations of the prevailing wage act. I don't see why – I mean, that all seems to go to the merits of whether he should have been disbarred or not, which you're saying is overlapping with the merits of whether he violated the contract. It does. It's the common core. Neither of them overlaps very much with whether they were denied due process, which has to do with what notice you got, what kind of interest the parties had, and Matthews v. Eldridge and all that kind of stuff. But with respect to the notice, Your Honor, the notice might be sufficient if Wayne State had provided all of the bases for the debarment in the notice. We needed to depose witnesses to determine, for example, to determine whether the notice was sufficient. And those witnesses, there is not a single witness that we deposed in that case that we would not have had to depose but for if we were doing one claim as opposed to another. Thank you. Thank you. I didn't get to the waiver issues, but they're actually the core of our argument as well. I apologize for not having the time for that. With respect to the attorney fee issue, I think the basis for the court's abuse of discretion in combining all of the fees stemmed from the court's premise that CDG should also receive attorney fees in this case. The court really never exercised its discretion to divide up the attorney fees should this court hold, as I would submit it should, that CDG shouldn't have gotten any attorney fees. If you just look at what Mr. Murray should have received, I believe the trial court could have done a much better job, but it started out with the wrong premise that everybody gets their attorney fees in this case. With respect to Judge Stranch's question regarding the account stated, the jury was given the elements of the account stated, but the separate damages instructions, as I read them, were really with respect to the breach of contract claim, and it was only with respect to the breach of contract claim that the court instructed regarding consequential damages. If we determined that there was an actual merger of the two claims, what is your argument as to how that would impact attorney's fees? Then it would mean there was no breach of contract, so, well, I guess it would not really resolve the question of whether there was a breach of contract. It wouldn't make a difference because then the question depends upon what evidence and actions were necessary to prove the constitutional claim. Our failure to follow our procedures. Yes. Okay. Thank you. I have nothing further unless the court has more. Counsel, have you all taken advantage of our appellate mediation process? Yes, Your Honor, we did. Have you considered taking it up again? If the court would suggest that would be helpful, we would certainly be. I don't want to speak for my colleagues who may strongly feel that the case should be affirmed or reversed, but after a three-week trial, you had a three-week trial, I'm not sure it's a valuable use of resources to send it back for more of that, anybody's resources. And so I think some of, I would feel reluctant to reverse here, but on the other hand, there's some significant problems with the way this verdict appears. So without saying any more, I think it looks like a case that serious consideration of settlement ought to be taken. I would concur with that. I think there's a lot of money online for both of you, and you might await a decision that would split the baby or reverse everything or affirm, or you might have a hand in resolving what you take and how you resolve it. So I would strongly suggest that you contact the Mediation Office of the Sixth Circuit and see if you can work this matter out. I will confer with counsel and immediately advise the Mediation Office one way or the other as to whether. Okay. Thank you. Thank you. Thank you, counsel.